THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| VERONICA R. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>SPRING CREEK HEALTHCARE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-00436-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Veronica R. Brown's ("Ms. Brown") complaint.[2] Ms. Brown has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Ms. Brown's complaint under the authority of the IFP Statute. As demonstrated below, Ms. Brown's complaint fails to state claims upon which relief can be granted. However, rather than recommending dismissal of this case on that basis, the court provides Ms. Brown with an opportunity to move for leave to amend her complaint.

---

[1] ECF No. 7.

[2] ECF No. 5.

[3] ECF No. 4.

## BACKGROUND

Ms. Brown alleges that her employment with Defendant Spring Creek Healthcare was terminated on February 7, 2022.[4] Ms. Brown further alleges that the reason her employment was terminated was discriminatory because it was based upon gender/sex.[5] After her termination, Ms. Brown filed a complaint with the Equal Employment Opportunity Commission ("EEOC").[6] The EEOC issued Ms. Brown a Notice of Right to Sue, which was signed and dated on March 22, 2023.[7] Ms. Brown's Notice of Right to Sue states that she was required to file a lawsuit based on the notice within 90 days after her receipt of the notice.[8] The Notice of Right to Sue notified Ms. Brown that if she failed to file a lawsuit within that 90-day period, her "right to sue based on the charge referred to in this Notice will be lost."[9] Ms. Brown filed her complaint in this case on July 7, 2023,[10] 107 days after the date of the Notice of Right to Sue.

## LEGAL STANDARDS

Whenever the court authorizes a plaintiff to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines

---

[4] ECF No. 5 at 4.

[5] ECF No. 5 at 4.

[6] ECF No. 5 at 5.

[7] ECF No. 5 at 5; ECF No. 5-1 at 1.

[8] ECF No. 5-1 at 1-2.

[9] ECF No. 5-1 at 2.

[10] Ms. Brown moved to proceed in forma pauperis on July 7, 2023. ECF No. 1. That motion was not granted until July 10, 2023, ECF No. 4, and Ms. Brown's complaint was filed the same day. ECF No. 5. Because Ms. Brown initiated this case by filing her motion to proceed in forma pauperis on July 7, 2023, the court construes her complaint as being filed on that date.

that . . . the action . . . fails to state a claim on which relief may be granted."[11] In determining whether a complaint fails to state a claim under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[12] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[13] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[14]

Before dismissing a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[15] Indeed, "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged[,] and it would be futile to give [her] an opportunity to amend.'"[16]

In analyzing Ms. Brown's complaint, the court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings

---

[11] 28 U.S.C. § 1915(e)(2)(B)(ii).

[12] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[13] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[14] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[15] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").

[16] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

drafted by lawyers."[17] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[18] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[19]

## ANALYSIS

As shown below: (I) Ms. Brown's complaint fails to state claims upon which relief can be granted because she has not made sufficient allegations to demonstrate that her complaint is timely; and (II) rather than recommending dismissal of this case on that basis, the court provides Ms. Brown with an opportunity to move for leave to amend her complaint to potentially cure that deficiency.

**I. Ms. Brown's Complaint Fails to State Claims Upon Which Relief Can Be Granted Because She Has Not Made Sufficient Allegations to Demonstrate That It Is Timely.**

Because Ms. Brown has not made sufficient allegations to establish that her complaint was filed in a timely manner, her complaint fails to state claims upon which relief can be granted. "A Title VII plaintiff must file her lawsuit within 90 days of receiving her right-to-sue notice from the EEOC."[20] "Generally, when the EEOC mails a right-to-sue letter, 'federal courts have

---

[17] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[18] *Id*.

[19] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[20] *Fulbright v. Water Sys. Eng'g, Inc.*, No. 21-2191-DDC-TJJ, 2021 WL 5161756, at *5 (D. Kan. Nov. 5, 2021); *see also Tadlock v. Marshall Cnty. HMA, LLC*, 603 F. App'x 693, 700 (10th Cir. 2015) ("If the claimant fails to file suit within 90 days, the claims alleged in the EEOC charge are foreclosed . . . .").

presumed various receipt dates ranging from three to seven days after the letter was mailed.'"[21] "Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling."[22]

      Ms. Brown's Notice of Right to Sue states that the date the notice was mailed is either the date "as indicated where the Notice is signed" "or the date of the postmark, if later."[23] Because Ms. Brown does not allege that the notice was mailed later than the date it was signed, the court assumes that the notice was mailed on that date. Even if the court applies the most lenient receipt date of 7 days after the notice was mailed, Ms. Brown's complaint is not timely. Indeed, as indicated above, Ms. Brown did not file her complaint in this case until 107 days after the date of the Notice of Right to Sue, meaning that it was filed 10 days beyond the 90-day time limit when 7 days are added for receipt of the notice.

      At the same time, the court acknowledges that the Notice of Right to Sue may have been mailed after the date it was signed and that, depending upon the date of the postmark, Ms. Brown's complaint could be timely. However, Ms. Brown has not made any allegations to that effect. Without more, the court is left to assume that the notice was mailed on the date it was signed and, therefore, that Ms. Brown's complaint is not timely. Thus, based on the allegations contained in Ms. Brown's complaint, it fails to state claims upon which relief can be granted.

---

[21] *Panicker v. Compass Grp. U.S.A. Inc.*, 712 F. App'x 784, 786 (10th Cir. 2017) (quoting *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001)).

[22] *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).

[23] ECF No. 5-1 at 2.

**II.    The Court Provides Ms. Brown With an Opportunity to Move for Leave to Amend Her Complaint to Potentially Cure the Deficiency Identified Above.**

As indicated above, "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged[,] and it would be futile to give [her] an opportunity to amend.'"[24] Because Ms. Brown may be able to cure the deficiency in her complaint identified above, the court provides Ms. Brown with the opportunity to move for leave to amend her complaint under Fed. R. Civ. P. 15(a)(2). Ms. Brown must file her motion on or before, January 3, 2024, and the motion must fully comply with DUCivR 15-1. Ms. Brown's failure to do so will result in the court recommending that this case be dismissed for failure to state claims upon which relief can be granted.

### ORDER

Based upon the foregoing analysis, the court HEREBY ORDERS:

1.    If Ms. Brown wishes to amend her complaint, she must file a motion for leave to amend her complaint on or before January 3, 2024, and the motion must fully comply with DUCivR 15-1.

2.    Ms. Brown's failure to do so will result in the court recommending that this case be dismissed for failure to state claims upon which relief can be granted.

DATED this 6th day of December 2023.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[24] *Kay,* 500 F.3d at 1217 (quoting *Curley,* 246 F.3d at 1281).