THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| VERONICA R. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>SPRING CREEK HEALTHCARE,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:23-cv-00436-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Veronica R. Brown's ("Ms. Brown") complaint.[2] Ms. Brown has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Based upon the analysis set forth below, the court recommends dismissing this case with prejudice under the authority of the IFP Statute.

## BACKGROUND

In her complaint, Ms. Brown alleges that her employment with Defendant Spring Creek Healthcare was terminated on February 7, 2022.[4] Ms. Brown further alleges that the reason her employment was terminated was discriminatory because it was based upon gender/sex.[5] After

---

[1] ECF No. 7.

[2] ECF No. 5.

[3] ECF No. 4.

[4] ECF No. 5 at 4.

[5] *Id.*

her termination, Ms. Brown filed a complaint with the Equal Employment Opportunity Commission ("EEOC").[6] The EEOC issued Ms. Brown a Notice of Right to Sue, which was signed and dated on March 22, 2023.[7] Ms. Brown's Notice of Right to Sue states that she was required to file a lawsuit based on the notice within 90 days after her receipt of the notice.[8] The Notice of Right to Sue notified Ms. Brown that if she failed to file a lawsuit within that 90-day period, her "right to sue based on the charge referred to in this Notice will be lost."[9] Ms. Brown filed her complaint in this case on July 7, 2023,[10] 107 days after the date of the Notice of Right to Sue.

The court previously reviewed the sufficiency of Ms. Brown's complaint under the authority of the IFP Statute and concluded that her complaint fails to state claims upon which relief can be granted.[11] However, rather than recommending dismissal of this case on that basis, the court allowed Ms. Brown to move for leave to amend her complaint on or before January 3, 2024.[12] Ms. Brown was warned that her failure to file a timely motion for leave to amend her complaint would result in this court recommending that this case be dismissed.[13] Ms. Brown

---

[6] *Id*. at 5.

[7] *Id*.; ECF No. 5-1 at 1.

[8] ECF No. 5-1 at 1-2.

[9] *Id*. at 2.

[10] Ms. Brown moved to proceed in forma pauperis on July 7, 2023. ECF No. 1. That motion was not granted until July 10, 2023, ECF No. 4, and Ms. Brown's complaint was filed the same day. ECF No. 5. Because Ms. Brown initiated this case by filing her motion to proceed in forma pauperis on July 7, 2023, the court construes her complaint as being filed on that date.

[11] ECF No. 8.

[12] *Id*.

[13] *Id*.

neither moved for leave to amend her complaint by that deadline or anytime thereafter nor sought an extension of the deadline for doing so.

## LEGAL STANDARDS

Whenever the court authorizes a plaintiff to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[14] In determining whether a complaint fails to state a claim under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[15] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[16] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[17]

Before dismissing a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[18] Indeed, "'[d]ismissal of a pro se complaint for failure to state a

---

[14] 28 U.S.C. § 1915(e)(2)(B)(ii).

[15] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[16] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[18] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").

claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged[,] and it would be futile to give [her] an opportunity to amend.'"[19]

In analyzing Ms. Brown's complaint, the court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[20] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[21] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[22]

## ANALYSIS

As shown below: (I) Ms. Brown's complaint fails to state claims upon which relief can be granted because she has not made sufficient allegations to demonstrate that her complaint is timely; and (II) providing Ms. Brown with an additional opportunity to move for leave to amend her complaint would be futile. Therefore, the court recommends dismissing this case with prejudice under the authority of the IFP Statute.

**I.   Ms. Brown's Complaint Fails to State Claims Upon Which Relief Can Be Granted Because She Has Not Made Sufficient Allegations to Demonstrate That It Is Timely.**

Because Ms. Brown has not made sufficient allegations to establish that her complaint was filed in a timely manner, her complaint fails to state claims upon which relief can be granted. "A Title VII plaintiff must file her lawsuit within 90 days of receiving her right-to-sue notice

---

[19] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

[20] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[21] *Id*.

[22] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

4

from the EEOC."[23] "Generally, when the EEOC mails a right-to-sue letter, 'federal courts have presumed various receipt dates ranging from three to seven days after the letter was mailed.'"[24] "Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling."[25]

      Ms. Brown's Notice of Right to Sue states that the date the notice was mailed is either the date "as indicated where the Notice is signed" "or the date of the postmark, if later."[26] Because Ms. Brown does not allege that the notice was mailed later than the date it was signed, the court assumes that the notice was mailed on that date. Even if the court applies the most lenient receipt date of 7 days after the notice was mailed, Ms. Brown's complaint is not timely. Indeed, as indicated above, Ms. Brown did not file her complaint in this case until 107 days after the date of the Notice of Right to Sue, meaning that it was filed 10 days beyond the 90-day time limit when 7 days are added for receipt of the notice. Therefore, based on the allegations contained in Ms. Brown's complaint, it fails to state claims upon which relief can be granted.

---

[23] *Fulbright v. Water Sys. Eng'g, Inc.*, No. 21-2191-DDC-TJJ, 2021 WL 5161756, at *5 (D. Kan. Nov. 5, 2021); *see also Tadlock v. Marshall Cnty. HMA, LLC*, 603 F. App'x 693, 700 (10th Cir. 2015) ("If the claimant fails to file suit within 90 days, the claims alleged in the EEOC charge are foreclosed . . . .").

[24] *Panicker v. Compass Grp. U.S.A. Inc.*, 712 F. App'x 784, 786 (10th Cir. 2017) (quoting *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001)).

[25] *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).

[26] ECF No. 5-1 at 2.

## II. Providing Ms. Brown With an Additional Opportunity to Move for Leave to Amend Her Complaint Would Be Futile.

Given that the court has already provided Ms. Brown with an opportunity to move to amend her complaint, providing her with an additional opportunity to do so would be futile. As indicated above, the court may dismiss a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged[,] and it would be futile to give [her] an opportunity to amend.'"[27] The court previously reviewed the sufficiency of Ms. Brown's complaint under the authority of the IFP Statute and concluded that her complaint fails to state claims upon which relief can be granted.[28] Rather than recommending dismissal of this case on that basis, the court allowed Ms. Brown to move for leave to amend her complaint and warned her that her failure to do so would result in this court recommending that this case be dismissed.[29] Because Ms. Brown failed to file such a motion, providing her with another chance to do so would be futile.

### RECOMMENDATION

Based upon the foregoing analysis, the court HEREBY RECOMMENDS that this case be DISMISSED WITH PREJUDICE under the authority of the IFP Statute.

### NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[30] The parties must file any objections to this Report and

---

[27] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

[28] ECF No. 8.

[29] *Id*.

[30] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Recommendation within 14 days after being served with a copy of it.[31] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 22nd day of April 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[31] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).